IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PROMISE NNANYERE OKAFOR,

        Petitioner,                    OPINION AND ORDER

    v.                                         25-cv-442-wmc

WARDEN E. EMMERICH and
BUREAU OF PRISONS,

        Respondents.
_____

Petitioner Promise Nnanyere Okafor is an inmate incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Okafor has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that he is entitled to an earlier release because the Federal Bureau of Prisons ("BOP") has incorrectly construed an immigration detainer as a final order of removal that precludes the application of time credits earned under the First Step Act ("FSA"). For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to

proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner, a citizen of Nigeria, is currently confined as the result of a conviction from the United States District Court for the Northern District of Texas for (1) conspiracy to commit wire fraud; and (2) failure to appear after pre-trial release. *United States. v. Promise Nnanyereugo Okafor*, 3:22-cr-272 (N.D. Tex.). He received a sentence of 108 months' imprisonment, which was later reduced to 87 months. His projected release date is February 21, 2029.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner provides a Detainer Action Letter from the Bureau of Immigration and

Customs Enforcement ("ICE") (dkt. #2-9, at 1) and an Immigration Detainer from the Department of Homeland Security ("DHS") (dkt. #2-9, at 2), advising that a final order of removal has been entered against him.  Therefore, even though petitioner has been earning FTCs for participating in institutional programming, he is not eligible to have those credits applied to his sentence for an earlier release date.  Although petitioner contends that he has been wrongly denied FTCs because there is no final order of removal against him, his conclusory assertion is refuted by the documents attached to the petition.

Petitioner appears to argue further that he is not subject to a "final" order of deportation because he is seeking "withholding of removal" from an immigration court.  A "final order of removal" is not specifically defined in either the Immigration and Nationality Act ("INA") or the First Step Act. In *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020), the Supreme Court defined that term in the deportation context as a "final order 'concluding that the noncitizen is deportable or ordering deportation.'" *Id*. (quoting 8 U.S.C. § 1101(a)(47)(A)).  The prospect that petitioner might obtain discretionary relief in the form of withholding of removal does not render his order of removal nonfinal.  *See Jimenez v. Warden, FCI Fort Dix*, No. CV 24-773 (KMW), 2024 WL 3568714, at *1, (D.N.J. July 26, 2024) ("That Petitioner was also granted immigration relief . . . under the CAT [Convention Against Torture] does not change the fact that he has received a final order of removal.") (citing *Nasrallah*, 590 U.S. at 582); *Giang Van Doan v. FCI Berlin Warden*, No. 23-cv-183-LM-AJ, 2024 WL 1095894, at *4, (D.N.H. Feb. 21, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal."), R&R approved, 2024 WL 1093756 (D.N.H. Mar. 13, 2024).  Based on this record, petitioner fails to show that his sentence has been calculated

3

incorrectly or that he is entitled to relief under 28 U.S.C. § 2241; therefore, his petition must be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Promise Nnanyere Okafor (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge